UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HARRISON BAXTER,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>Respondent. | No. 2:21-cv-01268-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR HABEAS RELIEF<br><br>(Doc. Nos. 1, 30) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pending petition for federal habeas relief, petitioner challenges his 2018 conviction in the Shasta County Superior Court on two counts of first-degree murder on the grounds that: (1) he received ineffective assistance when his trial counsel failed to call two doctors as witnesses at the guilt phase of his trial—doctors who had evaluated petitioner in connection with the court's sanity determination—in an attempt to negate the *mens rea* element of first-degree murder; (2) the trial court erred in excluding petitioner's testimony regarding his own "mental retardation"; and (3) the restitution fine imposed as part of his sentence should be stricken due to his inability to pay it. (Doc. No. 1 at 3–6.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 22, 2023, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be denied. (Doc. No. 30.)

1  Specifically, the findings and recommendations found that the state court reasonably concluded
2  that petitioner was not prejudiced by his counsel's failure to call the doctors as witnesses at the
3  guilt phase of his trial. (*Id*. at 15–17.)  In addition, it was concluded that the exclusion of
4  petitioner's own testimony as to his "mental retardation" by the state courts was not an
5  unreasonable application of clearly established federal law. (*Id*. at 19–21.)  Finally, the
6  magistrate judge found that petitioner's challenge to the restitution fine imposed as part of his
7  sentence did not present a cognizable claim for federal habeas relief. (*Id*. at 21.)  Accordingly, it
8  was recommended that the pending petition for federal habeas relief be denied. (*Id.*)

9  The findings and recommendations were served on petitioner with notice that any
10 objections thereto were to be filed within twenty-one (21) days of the date of their service. (*Id.*)
11 No objections to the pending findings and recommendations have been filed with the court, and
12 the time for doing so has passed.[1]

13 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
14 *de novo* review of the case.  Having carefully reviewed the entire file, the undersigned concludes
15 that the magistrate judge's findings and recommendations are supported by the record and proper
16 analysis.  Therefore, the findings and recommendations will be adopted and petitioner's request
17 for federal habeas relief will be denied on the merits.

18 In addition, the court declines to issue a certificate of appealability.  A petitioner seeking
19 a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his
20 petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S.
21 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court
22 may only issue a certificate of appealability if "jurists of reason could disagree with the district
23 court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the
24 issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S.

---

[1] The court does note that petitioner filed a notice of appeal on September 11, 2023, following the issuance of the pending findings and recommendation. (Doc. No. 31.)  On October 26, 2023, the Ninth Circuit dismissed that appeal for lack of jurisdiction, noting that the findings and recommendations challenged in the appeal were not a final or appealable decision. (Doc. No. 35.)  On November 17, 2023, the Ninth Circuit mandate was issued. (Doc. No. 36.)  Nonetheless, petitioner has not filed any objections to the pending findings and recommendations.

at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.  In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Therefore, the court will decline to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on August 22, 2023 (Doc. No. 30) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability (28 U.S.C. § 2253(c)); and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **November 30, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3